UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:16-CV-25021

CRAIG BOEGLER,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a Panama corporation d/b/a
CARNIVAL CRUISE LINES

    Defendant.

_____/

## **PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

**COMES NOW**, Plaintiff, CRAIG BOEGLER (hereinafter "Plaintiff"), by and through undersigned counsel, sues Defendant, CARNIVAL CORPORATION, A PANAMA CORPORATION D/B/A CARNIVAL CRUISE LINES (hereinafter "Defendant"), for damages and demands trial by jury stating the following in support thereof:

### **PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as a matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of San Diego, California.

6. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant is a citizen of the State of Florida.

8. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. **DATE OF INCIDENT**: This incident occurred on or about May 16, 2016.

2

**Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198**

11. **LOCATION OF INCIDENT**: At all times material hereto, Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, *Carnival Magic*.

12. At all times material hereto, the incident occurred while Plaintiff and other passengers were off the cruise ship and gathered at a port owned and/or operated by Defendant, *Amber Cove*, located in the Dominican Republic.

13. **DESCRIPTION OF THE INCIDENT**: At all times material hereto, Defendant had a duty to keep its premises safe and free from hazards.

14. However, on the date and time of the incident, Plaintiff was walking in the courtyard area of the port towards the restroom.

15. This area contained a designated sidewalk with a black cover placed flush on the grounds.

16. Furthermore, this area should have been closed to passengers for access so as to be inaccessible to passengers such as Plaintiff.

17. However, on the date and time of the incident, the area was not closed to passengers for access.

18. The area was traversed and accessible to passengers such as Plaintiff.

19. However, when Plaintiff walked in this area, Plaintiff suddenly and without warning, felt a collapse, and fell into what appeared to be a disguised hole in the ground.

20. At no point material hereto, was Plaintiff told that he should not traverse the subject area.

21. At no point material hereto, was Plaintiff told to leave the subject area.

22. There were no warning signs alerting passengers that they were not supposed to traverse on this area.

23. There were no warning signs alerting passengers of the dangers of the area.

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198

24. There were no verbal warnings given to alert passengers that they were not supposed to enter this area.

25. There were no verbal warnings given to alert passengers of the dangers of the area.

26. There were no written warnings given to alert passengers that they were not supposed to traverse the subject area.

27. There were no written warnings alerting passengers of the dangers of the area.

28. There were no warnings of any kind given to alert passengers that they were not supposed to enter this area.

29. There were no warnings of any kind given to alert passengers of the dangers of the area.

30. This incident caused Plaintiff to suffer grievous bodily injury, including, but not limited to, a torn MCL.

31. The incident also caused Plaintiff to suffer severe pain.

32. Due to this incident, Plaintiff has sought medical attention and/or rehabilitation.

33. Due to this incident, Plaintiff suffered other damages, which Plaintiff will describe later in this Complaint.

34. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**:  At all times material hereto, the area involved in Plaintiff's incident, including any holes, crevices, floors, walkways, and/or thresholds therein, was hazardous, unreasonably dangerous, not intended for the safe use of passengers such as Plaintiff; defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

35. The area lacked adequate safety features to prevent Plaintiff's incident.

36. In addition, Defendant failed to take proper precautions to prevent passengers such as Plaintiff from walking in the area.

4

37. Defendant also failed to warn passengers such as Plaintiff of the dangers of walking in the area.

38. The hazardous conditions of the area were known or should have been known to Defendant in the exercise of reasonable care, as the flushed black cover was placed before the subject incident.

39. These conditions were neither open or obvious to Plaintiff.

40. Nevertheless, at all times material hereto, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

41. At all times material hereto, Defendant failed to adequately inspect the area involved in the incident to insure that it was reasonably safe and in a reasonably safe condition.

42. At all times material hereto, Defendant failed to eliminate the hazard(s).

43. At all times material hereto, Defendant failed to properly maintain the area.

44. At all times material hereto, Defendant participated in the design and/or approved of the design of the area involved in Plaintiff's incident.

45. At all times material hereto, Defendant participated in the installation and/or approved of the installation of the area involved in Plaintiff's incident.

46. At all times material hereto, Defendant participated in the design and/or approved the design of the hole and/or crevice involved in Plaintiff's incident.

47. At all times material hereto, Defendant participated in the installation and/or approved the installation of the hole and/or crevice involved in Plaintiff's incident.

48. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I: NEGLIGENCE

5

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198

49. Plaintiff hereby adopts and reincorporates each and every allegation contained in paragraphs 1 through 48, as if fully set forth herein.

50. At all times material hereto, the Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

51. Such duties include, but are not limited to, the duty to maintain its premises in a reasonably safe condition for the use and enjoyment of its passengers.

52. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

53. At all times material hereto, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

    a. Failing to inspect, clean, keep and maintain its holes, areas, crevices, floors, walkways, and/or thresholds in a reasonably safe condition;

    b. Failing to take proper precautions for the safety of passengers traversing over its designated holes, areas, crevices, floors, walkways, and/or thresholds that is the subject to this incident;

    c. Failing to warn of the dangerous conditions of its holes, areas, crevices, floors, walkways, and/or thresholds, commonly used by passengers including, but not limited to, Plaintiff;

    d. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its holes, areas, crevices, floors, walkways, and/or thresholds, that shall be revealed as discovery is ongoing;

6

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198

e. Creating a dangerous condition and/or failing to remedy a dangerous condition, that was known by the Defendant and/or should have been known by the Defendant, in the exercise of reasonable care;

f. Failing to adequately instruct its staff to maintain its holes, areas, crevices, floors, walkways, and/or thresholds clean and free of hazards;

g. Failing to employ sufficient crewmembers and/or adequately trained crewmembers to properly inspect, clean, maintain, and/or properly secure the common area where Plaintiff's incident occurred;

h. Failing to use proper materials on its floor and/or common walkway, so as to prevent passengers from falling into a known danger and/or hazard, such as the hole Plaintiff fell in;

i. Failing to properly facilitate the area, hole, crevice, floor, walkway, and/or threshold involved in Plaintiff's incident, in such a way as to adequately raise warning, caveat, and/or awareness of a hidden danger to a reasonable person traversing the area;

j. Failing to warn passengers and/or provide notice to avoid walking in the area involved in Plaintiff's incident;

k. Failing to otherwise prevent passengers from walking in the area involved in Plaintiff's incident;

l. Failing to comply with applicable safety standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence that shall be further revealed as discovery is ongoing;

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198

  m. Allowing holes and/or crevices located in a common walkway, to be unreasonably concealed without adequate safeguards, as to prevent incidents such as the one Plaintiff has suffered;

  n. Failing to warn passengers about the dangers posed by the subject area involved with Plaintiff's incident;

  o. Failing to warn passengers about the dangers posed by an unreasonably and dangerously concealed hole and/or crevice located in the subject area involved with Plaintiff's incident;

  p. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

  q. Through other acts or omissions constituting a breach of the duty to use reasonable care that shall be further revealed as discovery is ongoing.

54. These dangerous conditions existed for a period of time before the incident.

55. The above conditions were neither open or obvious to Plaintiff.

56. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, his injuries would not have occurred.

57. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or otherwise (d) created the dangerous conditions.

58. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198

for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

59. The losses are either permanent and/or continuing.

60. Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff, CRAIG BOEGLER, demands Judgment against Defendant, CARNIVAL CORPORATION, A PANAMA CORPORATION D/B/A CARNIVAL CRUISE LINES, for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post- judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated** this 02nd day of December, 2016.

        **ARONFELD TRIAL LAWYERS**
        Attorneys for Plaintiff
        3132 Ponce de Leon Boulevard
        Coral Gables, Florida 33134
        P:    (305) 441.0440
        F:    (305) 441.0198

By:    /s/Jonathan D. Carvajal, Esq.
        Fla. Bar No.: 121485
        P: (786) 461-8236
        jcarvajal@aronfeld.com

9

Aronfeld Trial Lawyers | www.Aronfeld.com | 3132 Ponce de Leon Boulevard Coral Gables, Florida 33134 | P: (305) 441-0440 | F: (305) 441-0198